(Superior Court of Cincinnati.)
Special Term.

FRED REHN, JR., v. NORTH FAIR-
MOUNT B. & S. CO. et al.

(1.) The pendency of a similar suit in another court of competent jurisdiction not a ground for demurrer when such fact does not appear on the face of the petition.

(2.) The right to put a receiver in charge of the property of an insolvent building association is accorded only to claimants in the character and capacity of stockholders; and a member who has given notice of withdrawal is still a stockholder.

(3.) Allegations that the plaintiff sues on behalf of himself and other stockholders who will join with him; that the assets of the association are being wasted; and that if the present course is continued it will result in total loss to plaintiff and other non-borrowing members, are sufficient to support a petition for a receiver and the winding up of the association's affairs.

----

On demurrer to petition.

DEMPSEY, J.

The first ground of demurrer is, that there is another suit pending for the same relief in another court of competent jurisdiction. There is nothing on the face of the petition to show such fact; hence the demurrer on this ground is not well taken.

The second ground of the demurrer is, that plaintiff has not legal capacity to sue, and is based on defendant's contention that plaintiff shows himself to be only a creditor, and that a creditor can not sue for a receiver for an insolvent corporation. Plaintiff alleges that he is ''a depositing member and stockholder and owner of ten shares in said corporation.'' He further alleges

that ''the constitution and by-laws of said corporation provide, that upon application being made for withdrawal by non-borrowing members, the payment of dues from such members shall thereafter cease, and the applicant shall thereupon be paid in the order of his priority of application..'' He further alleges that ''he gave notice of withdrawal about the 1st day of September, 1896, and that if said company had paid the withdrawal claims in accordance with law and its constitution, he should have received his money long before this time; and that said company is justly indebted to him in the sum of $1,154.20.'' Now, it appears to be undoubtedly the rule that the right to put a receiver in charge of the property of an insolvent building association is accorded only to claimants in the character and capacity of stockholders, and not to mere creditors (Endlich on Building Associations, sec. 512); yet this denial of the right to creditors has reference to ordinary, general creditors, using the term in its usual every day signification. A withdrawing stockholder is not such a creditor, if he be a creditor in a technical sense at all. His right is founded on money advanced by him as a member of the association and which he has given notice to withdraw.

He has no right to sue at law until the arising of certain conditions which vest in him absolutely his right to receive his money. It is true his obligation to pay dues ceases, but as to all other duties he still continues to be a stockholder until he has been actually paid out. See Endlich, sec. 512-513; In re Queen's Benefit B. Soc'y., L. R., 6 Ch., 815; Christian's Appeal, 102 Pa. St., 138-189; Heinbokel v. L. & B. Ass'n. 58 Minn., 340.

Hence, plaintiff's averments show him still to be a stockholder, notwithstanding his notice of withdrawal; and the second ground of the demurrer is not well taken.

The third ground of the demurrer is as to the general sufficiency of the facts. There are numerous averments of facts which, if true, show that the assets of this company are being wasted and frittered away; and that if this course of carrying on the company's business be continued, it is bound to result in total loss to plaintiff and other non-borrowing members. Plaintiff sues not alone for himself, but also in behalf of all other stockholders who will join him. The averments of the petition fairly show that the assets of the association constitute a joint or common fund in which said plaintiff and his co-stockholders are interested; and the averments taken in connection with the prayer of the petition clearly show that the main object of the petition is a practical winding up of the corporation business by an adjustment of the rights and obligations of the stockholders as between themselves and

the corporation, and then a distribution of the assets between those entitled to them. The prayer for the receiver is but incidental to the general relief sought, and does not infringe the rule laid down in the Duckworth case in 2 C. C. R. The power to appoint the receiver is plainly conferred upon the court by sec. 5587, sub-section 1, Rev. Stats., and the averments of the petition make a good case for general equitable relief under the doctrine laid down in Towle v. B. A., 60 Fed. R., 131; Towle v. B. A., 61 Fed. R., 446; two well considered cases (or rather one case twice considered), which contain, I think, the law well stated as to the jurisdiction of equity in the class exampled by the one at bar.

The third ground of demurrer, therefore, is not well taken; and, as a consequence, the demurrer of defendant, as a whole, must be overruled. To avoid any misunderstanding as to the effect of this decision upon the demurrer, it must be understood that the court, at this time, does not pass at all upon the truth or falsity of the averments of the petition; the court is bound, for the purposes of the demurrer, to assume the averments to be true; but that assumption does not preclude the court from investigating their truth or falsity on the subsequent hearing. Ordinarily, an explanation such as this is not necessary, but this being a building association case involving the rights and interests of many persons not familiar with legal forms and procedure, the court has deemed it wise that it be made known that the rights of the corporation and its stockholders are not prejudged by the decision on the demurrer.

Albert T. Brown, for the Demurrer.

M. F. Galvin and Healy & Brannan, Contra.